## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELI LILLY & CO.,<br>INCYTE CORPORATION and<br>INCYTE HOLDINGS CORPORATION, | )<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1114 (CFC) |
| | ) | ANDA CASE |
| AUROBINDO PHARMA LIMITED and | ) | (Consolidated; Lead Case) |
| AUROBINDO PHARMA U.S.A., INC., | ) | |
| | ) | |
| Defendants. | ) | |
| ELI LILLY & CO.,<br>INCYTE CORPORATION and<br>INCYTE HOLDINGS CORPORATION, | )<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1115 (CFC) |
| | ) | |
| MSN LABORATORIES PRIVATE<br>LIMITED and MSN<br>PHARMACEUTICALS INC., | )<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiffs Eli Lilly & Co, Incyte Corporation, and Incyte

Holdings Corporation and Defendants Aurobindo Pharma Limited, Aurobindo

Pharma USA, MSN Laboratories Private Limited, and MSN Pharmaceuticals, Inc.

(collectively, "the Parties") expect discovery in consolidated District of Delaware

Civil Litigation Nos. 22-cv-01114 (CFC) and 22-cv-01115 (CFC), including any appeals therefrom (herein "Litigation") to encompass certain information which may constitute trade secrets and/or other confidential research, development, business, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) for which special protection from public disclosure and from use for any purpose other than in this Litigation is warranted, the Parties, by and through their respective outside counsel, HEREBY STIPULATE to the entry of this Protective Order in this consolidated Litigation.

## DEFINITIONS

1.      "Affiliate" means any Third Party that directly or indirectly through one or more intermediaries controls, is controlled by, or is under common control with a Party to this Litigation.  For purposes of this definition, "control(s)" and "controlled" shall mean the ownership of more than fifty percent (50%) of the voting share capital of such entity or any other comparable equity or ownership interest.

2.      "CONFIDENTIAL" means information that the Designating Party believes in good faith is subject to protection under this Protective Order under Federal Rule of Evidence 502(d), Federal Rule of Civil Procedure 26(c)(1), and/or other state or federal law, or that constitutes, contains, reveals, reflects, or includes information that is not generally available to the public and that the Designating Party would not want to be made public in the ordinary course of its activities, i.e.,

2

trade secrets or other confidential research, development, business, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), including but not limited to: scientific and technical information; financial, budgeting, and/or accounting information, projections, or analyses; information about existing and potential customers; marketing and other business strategies, decisions, or negotiations; current and future marketing and/or business plans, including unpublished financial data and pricing information; new business development (for new and old projects); future product launch dates; FDA target action dates; competitor market analysis; customer lists; business relationships with a Third Party, including Affiliates; information about the Designating Party's assets, liabilities, performance, or structure; information about the Designating Party's business analyses, operations, negotiations, plans, practices, or ventures; information about the Designating Party's intellectual property and trade secrets; information relating to the Designating Party's contractual relationships; personnel compensation, evaluations, and other employment information, unless publicly disclosed; regulatory information, including but not limited to confidential United States Food and Drug Administration ("FDA") filings or correspondence relating to investigational new drug applications ("INDs"), new drug applications ("NDAs"), and abbreviated new drug applications ("ANDAs"), or submissions to the United States Pharmacopeia and other confidential regulatory materials; and/or research and

3

development information, including but not limited to lab notebooks, reports, experimental data, memoranda, presentations, meeting minutes, and study protocols; and includes such confidential and proprietary information about a Third Party, including Affiliates. CONFIDENTIAL information includes information that is subject by law or by contract to a legally protected right of privacy. CONFIDENTIAL information also includes information that the Designating Party is under a preexisting obligation to a Third Party to treat as confidential; and information that the Designating Party has in good faith been requested by another Party or Third Party to so designate on the grounds that such other Party or Third Party considers such material to contain information that is confidential or proprietary to such Party or Third Party. Any documents so designated shall constitute CONFIDENTIAL information. CONFIDENTIAL information includes but is not limited to Protected Health Information as defined below in Paragraph 13. Provisions of this Protective Order relating to CONFIDENTIAL information shall be understood to encompass any information derived from, as well as testimony and oral conversation related to, CONFIDENTIAL information, and all copies, excerpts, and summaries thereof. CONFIDENTIAL information includes information pertaining to baricitinib or any baricitinib product, and any other past, present, or future products irrespective of whether those products include baricitinib. However, nothing in this provision shall be read to be an admission that information relating

4

to anything described herein is or is not relevant to this Litigation or otherwise alters the scope of permissible discovery.

3.      "CONFIDENTIAL Discovery Material" means Discovery Material a Producing Party designates as CONFIDENTIAL pursuant to the terms of this Protective Order.

4.      "Defendant Group" means the group consisting of defendants: (1) Aurobindo Pharma Limited and Aurobindo Pharma USA, or (2) MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc.

5.      "Designated Inside Personnel" means Inside Personnel that may be designated during this Litigation pursuant to Paragraph 32(c) of this Protective Order.

6.      "Designating Party" shall mean any Party or its counsel or any other person that designates document(s) in this Litigation as CONFIDENTIAL pursuant to Paragraphs 17 and 18 below.

7.      "Discovery Material" means all documents, testimony, pleadings, exhibits, and all other material or information produced or disclosed in this Litigation, including responses to requests for production of documents and/or things, answers to interrogatories, responses to requests for admissions, documents and things made available for inspection, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil

Procedure, including Third Party discovery pursuant to Rule 45 or any other means, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any Party, Third Party, or witness in connection with this Litigation.  This Protective Order and protections herein shall apply to all Discovery Material.

8.      "Documents" shall be defined as it is in Federal Rule of Civil Procedure 34, including electronically stored information, whether produced or created by a Party or another person, and whether produced pursuant to Federal Rule of Civil Procedure 34, pursuant to a subpoena, by agreement or otherwise.  This shall include, but not be restricted to, all interrogatory answers, responses to requests for production or for admission(s), deposition testimony and deposition exhibits.

9.      "Final Conclusion of this Litigation" shall mean the date of: (1) the Court's entry of a stipulated dismissal; or (2) the Court's entry of a voluntary dismissal; or (3) the entry of a final, non-appealable order disposing of the case.

10.      "Inside Personnel" means an employee of a Party or an Affiliate who (i) is an attorney or counsel or, if not an attorney or counsel, is in the intellectual property or legal department/division, (ii) is responsible for overseeing this litigation, and (iii) does not currently have primary responsibility for patent prosecution in connection with baricitinib.

11.   "Producing Party" means any Party or its counsel, or any Third Party or its counsel, who produces or otherwise discloses, whether through formal or informal means, Discovery Material in this Litigation.

12.   "Professional Vendor(s)" means persons or entities that provide litigation support services (e.g., photocopying; audio or video recording; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; jury consulting; and/or mock trial coordination) and their employees and subcontractors.

13.   "Protected Health Information" ("PHI") has the same scope and definition as set forth in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including specifically 42 C.F.R. Part 2, and 45 C.F.R. §§ 164.506(c)(3), 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules") as well as the definitions and guidance set forth in 45 C.F.R. §§ 160.103 and 164.501. Without limiting the generality of the foregoing, PHI includes, but is not limited to, health information, including demographic information, relating to: the past, present,

or future physical or mental health or condition of an individual; and the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual.  It also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from PHI including payment for care provided to an individual, regardless of form or format.  PHI also includes information that contains the following identifiers of a patient: (1) names; (2) all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code; (3) all elements of dates (except year) directly related to an individual, including birth date, admission date, discharge date, age, and date of birth; (4) telephone numbers; (5) fax numbers; (6) electronic mail addresses; (7) social security numbers; (8) medical record numbers; (9) health plan beneficiary numbers; (10) account numbers; (11) certificate/license numbers; (12) vehicle identifiers and serial numbers, including license plate numbers; (13) device identifiers and serial numbers; (14) web universal resource locaters ("URLs"); (15) internet protocol ("IP") address numbers; (16) biometric identifiers, including finger and voice prints; (17) full face photographic images and any compatible images; (18) any other unique identifying number; characteristic, or code; and (19) any other information that the Producing Party knows could be used alone or in combination with other information to identify an individual who is subject of the information.

14.    "Protective Order" means this Stipulated Protective Order.

15.    "Receiving Party" means any Party, its counsel, or any other person that receives information produced or otherwise disclosed by any Producing Party.

16.    "Third Party" means a person or entity that is not a Party.

## DESIGNATION

17.    Any Producing Party may designate Discovery Material as CONFIDENTIAL in accordance with this Protective Order if such Party in good faith believes that such Discovery Material contains CONFIDENTIAL information as defined in Paragraph 3.

18.    Discovery Material may, as appropriate, be marked by the Producing Party with the legend "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER" and the Producing Party must use reasonable efforts to ensure that such legend appears on each page of each document or file as the format permits. Designation of documents as CONFIDENTIAL will be made before or at the time of production or disclosure. The following legend shall appear on any cover letter enclosing electronically stored information and, to the extent possible, to the device (i.e., disc, hard drive, etc.) on which the information is electronically stored: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER." In the event electronically stored information designated as CONFIDENTIAL is produced in a native format, it shall, at a minimum, indicate the CONFIDENTIAL designation by adding at the end of the file name and prior to the

9

file extension the legend "CONFIDENTIAL." Whenever the Receiving Party reduces such material to hardcopy or image document form, that Party shall designate the hardcopy or images documents with the legend as provided above in this Paragraph.

19.    Any PHI shall be deemed CONFIDENTIAL information and, as such, subject to the terms of this Protective Order. Any person who receives and stores PHI in connection with this Litigation will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any PHI and to prevent unpermitted use or disclosure of any PHI they may receive from any person in connection with this Litigation. PHI will be securely returned or destroyed pursuant to the provisions of Paragraph 31, below.

20.    Documents and things produced may be redacted, in good faith by the Producing Party, to the extent that they contain information (a) that is subject to the attorney-client privilege, to work-product immunity, or to any other applicable privilege or immunity; (b) that pertains to any non-relevant trade secret and confidential commercial information, including but not limited to information about products not the subject of this Litigation, or that is protected by confidentiality agreement(s) with any Third Party; or (c) that is subject to other legal protection of information in this Litigation, including but not limited to personal information or

Protected Health Information defined in Paragraph 13.   Each such redaction, regardless of size, shall be clearly labeled "Redacted."  This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

21.   The Party that has redacted information in accordance with Paragraph 20 shall, upon written or oral request, identify the nature of the information redacted from a specific document with sufficient detail to allow the requesting Party to determine whether a challenge to the redacted information may be appropriate.

22.   Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30 shall be treated as CONFIDENTIAL for thirty (30) calendar days following receipt of the final transcript by outside counsel for the Producing Party, but not thereafter unless, before the thirty (30) calendar day period has expired, outside counsel or Designated Inside Personnel for the Producing Party notifies outside counsel for the Receiving Party in writing that the Discovery Material set forth in the transcript is CONFIDENTIAL.   Outside counsel or Designated Inside Personnel for any Party or Third Party also may designate the transcript or portions thereof to be CONFIDENTIAL Discovery Material during the deposition.   The legend of "CONFIDENTIAL" shall be placed on the front of any deposition transcript (and, if recorded, any copies of the recording) containing CONFIDENTIAL Discovery Material. If a designation is made, all such testimony,

each deposition transcript, recording, or portion thereof, and each exhibit that is designated, shall be treated as CONFIDENTIAL Information unless otherwise agreed to by the Parties or directed by order of the Court.

23.    Any pleading, brief, declaration, affidavit, expert report, or other filing that contains, describes, or discusses CONFIDENTIAL Discovery Material shall be filed under seal pursuant to the requirements of D. Del. LR 5.1.3 and the Court's CM/ECF procedures.  The filing Party must include on the cover page of the brief or other filing a descriptive legend in the following format: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or another suitable legend.  The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court.  Outside counsel for the Party filing papers containing, describing, or discussing CONFIDENTIAL Discovery Material shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with paragraph (G)(1) of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means dated May, 2019.  If the filing contains the CONFIDENTIAL Discovery Material of the Party who did not file the document, within three (3) calendar days from the date of a filing made under seal, outside counsel for the filing Party or filing Third Party shall deliver to outside counsel for the non-filing Party or Parties a proposed public version of the

filing that was made under seal if it contains the non-filing Party's CONFIDENTIAL Discovery Material, and this proposed public version shall include redactions of CONFIDENTIAL Discovery Material. Within three (3) calendar days after receipt of the proposed public version, outside counsel for the non-filing Party shall provide any additional redactions it believes appropriate. Redacted versions of papers filed under seal may be made publicly available provided that (a) all CONFIDENTIAL Discovery Material is redacted; and (b) such redacted versions are clearly marked "Public Version," and clearly identify each place where information or exhibits have been redacted or deleted.

24.    If the Receiving Party receives from a Third Party or some other source a Party's documents, and where it is not evident to the Receiving Party that such documents are publicly available, then the Receiving Party will treat such documents as CONFIDENTIAL under the terms of this Protective Order. In the event the Receiving Party produces to the Producing Party pursuant to Rule 34 of the Federal Rules of Civil Procedure any document(s) falling within this Paragraph, the Producing Party shall have thirty (30) calendar days after the date of discovery of the produced CONFIDENTIAL information to designate said documents as CONFIDENTIAL pursuant to Paragraphs 17 and 18. If the Receiving Party wishes to challenge the confidentiality of such a document, the Receiving Party shall

promptly notify the Producing Party in writing and append a copy of the document at issue, pursuant to Paragraph 37.

## USE

25.     Discovery Material designated CONFIDENTIAL by a Party or Third Party under this Protective Order may be used by the Receiving Party solely for purposes of the prosecution or defense of this Litigation and any appeal thereafter, and shall not be used by the Receiving Party for any other purpose or any other proceeding.     For the avoidance of doubt, Discovery Material designated CONFIDENTIAL by a Party or Third Party under this Protective Order may not be used by the Receiving Party for the purposes of patent prosecution in connection with baricitinib or a citizen petition before FDA in connection with baricitinib. Nothing in this Protective Order precludes a Producing Party from using or disseminating its own Discovery Material, including CONFIDENTIAL Discovery Material, for purposes other than this Litigation.

26.     Subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and Local Rules of this Court, CONFIDENTIAL Discovery Material may be offered into evidence at trial or any Court proceeding for this Litigation subject to appropriate protections on the use and dissemination of such CONFIDENTIAL Discovery Material.

27.    At the deposition of any fact witness, unless otherwise agreed to by the Producing Party, such witness shall not be shown CONFIDENTIAL Discovery Material of another Party or Third Party, unless the witness either authored, received, or was copied on the distribution of the document, as indicated on the document's face or other documentary evidence.

28.    At the deposition of any corporate representative designated pursuant to Fed. R. Civ. P. 30(b)(6) to testify on behalf of a Party on a particular topic or subject area, unless otherwise agreed to by the Producing Party, such corporate representative shall not be shown CONFIDENTIAL Discovery Material of another Party or Third Party, unless the corporate representative designated pursuant to Fed. R. Civ. P. 30(b)(6) either authored, received, or was copied on the distribution of the document, as indicated on the document's face or other documentary evidence. For the avoidance of doubt, a Receiving Party may show Discovery Material received from a Producing Party to any corporate representative for that Producing Party.

29.    Third Parties may designate as CONFIDENTIAL deposition transcripts of their witnesses and any Discovery Material they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as Parties and any such CONFIDENTIAL Discovery Material shall be treated by the Parties in the same manner as the CONFIDENTIAL Discovery Material produced by a Party.  Third

Parties shall have the same rights and obligations under this Protective Order as Parties and may move the Court to enforce the provisions of this Protective Order.

30.    Outside counsel for the Receiving Party shall use reasonable efforts to limit the disclosure of CONFIDENTIAL Discovery Material, including any copies thereof, to the minimum number of persons eligible to receive CONFIDENTIAL Discovery Material per Paragraph 32 of this Order who are necessary to conduct this Litigation.  CONFIDENTIAL Discovery Material shall not be used in any other proceeding or action, or for any purposes other than the conduct of this Litigation. Persons obtaining access to CONFIDENTIAL Discovery Material under this Order shall use the information for preparation and trial (including appeals and retrials), and shall not use such information for any other purpose or any other proceeding.

31.    The Parties agree that any PHI will not be used or disclosed for any purposes other than the litigation or proceeding for which such information was requested.  All PHI shall either:

(a)    be returned to the Producing Party, or

(b)    at the option of the Producing Party, be destroyed.

Upon request by the Producing Party, the Party receiving any PHI shall make certification of compliance with this Paragraph and shall deliver the same to the Producing Party.

16

## **DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL**

32.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, CONFIDENTIAL Discovery Material may be disclosed by the Receiving Party only to the following persons:

(a)     The Court, as well as its personnel, including but not limited, to trial and appellate courts; and any Court-appointed Special or Discovery Master; any Court-appointed mediator; any mediator agreed to by the Parties; any court reporter or videographer transcribing or recording testimony, whether at a deposition, hearing, or trial; and any person designated by the Court, in the interest of justice, upon such terms as the Court may deem proper.

(b)     Any outside counsel, who, after receipt of CONFIDENTIAL Discovery Material, shall not use any other Party's or any Third Party's CONFIDENTIAL Discovery Material for any purpose other than in connection with this Litigation, and shall not disclose any other Party's or any Third Party's CONFIDENTIAL Discovery Material to any Third Party.

(c)     Up to three (3) Designated Inside Personnel, provided that such Designated Inside Personnel comply with the terms of this Protective Order and who, after receipt of CONFIDENTIAL Discovery Material, shall not use any other Party's or any Third Party's CONFIDENTIAL Discovery Material

for any purpose other than in connection with this Litigation, and shall not disclose any other Party's or any Third Party's CONFIDENTIAL Discovery Material to any Third Party.

(d)    Support personnel for outside counsel and Designated Inside Personnel listed in Paragraphs 32(b) and 32(c), such as discovery managers, law clerks, paralegals, secretaries, and clerical staff, assisting with this Litigation under the supervision of outside counsel described in Paragraph 32(b) or Designated Inside Personnel described in Paragraph 32(c).

(e)    Analysts, scientific advisors, and patent agents regularly employed by outside counsel so long as they are subject to the same restrictions as outside counsel set forth in Paragraph 32(b).

(f)    Contract attorneys retained by a Party's outside counsel or Designated Inside Personnel for the sole purpose of assisting with document review in this Litigation and who shall be subject to the same restrictions as outside counsel set forth in Paragraph 32(b).

(g)    Any outside consultant or expert who is expressly retained by any outside counsel or Designated Inside Personnel to assist in this Litigation, including any associates or analysts working under the supervision of the outside consultant or expert, with disclosure only to the extent necessary to

perform such work, provided such outside consultant or expert is properly disclosed pursuant to Paragraph 33.

(h)    Support personnel for outside consultants or experts listed in Paragraph 32(g), such as secretaries and clerical staff, assisting with this Litigation under the supervision of an outside consultant or expert described in Paragraph 32(g).

(i)    Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this Litigation.

(j)    Professional Vendors, as defined in Paragraph 12.

(k)    Any other person requested by the Receiving Party and agreed to by the Producing Party in writing pursuant to the notice provision set forth in Paragraph 33.

33.    CONFIDENTIAL Discovery Materials shall not be disclosed to an outside consultant or expert described above in Paragraph 32(g) or any person described above in Paragraph 32(k), unless and until such individual has been properly identified to the other Parties pursuant to this Paragraph and has executed an acknowledgement in the form attached as Exhibit A.  Either outside counsel or Designated Inside Personnel shall maintain a copy of the executed Exhibit A for each individual falling under Paragraphs 32(g) and 32(k), during the Litigation and

for a period of one year thereafter.  A Party that seeks to identify an outside

consultant or expert described above in Paragraph 32(g) or a person described above

in Paragraph 32(k) must first identify such individual by name and including a

curriculum vitae ("CV") or equivalent resume disclosing the individual's

employment history, all cases in which the individual has testified in a deposition or

a trial in the past four (4) years, and the signed Declaration to be Bound by Protective

Order (Exhibit A hereto).  A Party that identifies such individual and provides the

information specified in the preceding sentence may disclose CONFIDENTIAL

information to such individual unless, within ten (10) calendar days of delivering the

information specified in the preceding sentence, the Party receives a written

objection from the objecting Producing Party.  The objecting Producing Party shall

state the basis of its objection with sufficient particularity to enable discussion of the

objection by the Parties, and the Parties shall confer in good faith to resolve the

concerns giving rise to the objection within five (5) calendar days of the objection.

If the Parties are unable to reach agreement regarding such disclosure, the objecting

Producing Party must apply to the Court for a protective order no later than ten (10)

calendar days after the Parties confer pursuant to this Paragraph.  The burden shall

be on the objecting Producing Party to demonstrate to the Court why such individual

should not be permitted to receive CONFIDENTIAL Discovery Material under the

Protective Order.  CONFIDENTIAL Discovery Material shall not be disclosed to

such individual pending the Court's resolution of the dispute.  The foregoing ten (10), five (5), and ten (10) calendar day periods may be extended or shortened by agreement of the Parties or by Order of the Court.

34.    CONFIDENTIAL Discovery Material shall not be disclosed to Designated Inside Personnel pursuant to Paragraph 32(c), unless and until such Designated Inside Personnel have been properly identified to the other Parties pursuant to this Paragraph and has executed an acknowledgement in the form attached as Exhibit B.  Either outside counsel or Designated Inside Personnel shall maintain a copy of the executed Exhibit B for each Designated Inside Personnel falling under Paragraph 32(c) during the Litigation and for a period of one year thereafter.  During the pendency of this Litigation, a Party that seeks to designate a Designated Inside Personnel, or replace a Designated Inside Personnel with a new designee, must first identify the new designee to the other Parties by name and title and provide the signed Declaration to be Bound by Protective Order (Exhibit B hereto).  A Party that makes a request to designate a Designated Inside Personnel or replace a Designated Inside Personnel and provides the information specified in the preceding sentence may disclose CONFIDENTIAL information to the newly identified Designated Inside Personnel unless, within ten (10) calendar days of delivering the request, the Party receives a written objection from the objecting Producing Party.  The objecting Producing Party shall state the basis of its objection

with sufficient particularity to enable discussion of the objection by the Parties, and the Parties shall confer in good faith to resolve the concerns giving rise to the objection within five (5) calendar days of the objection. If the Parties are unable to reach agreement regarding such disclosure, the objecting Producing Party must apply to the Court for a protective order no later than ten (10) calendar days after the Parties confer pursuant to this Paragraph. The burden shall be on the objecting Producing Party to demonstrate to the Court why such individual should not be permitted to receive CONFIDENTIAL Discovery Material under the Protective Order. CONFIDENTIAL Discovery Material shall not be disclosed to such individual pending the Court's resolution of the dispute. The foregoing ten (10), five (5), and ten (10) calendar day periods may be extended or shortened by agreement of the Parties or by Order of the Court.

35.    The recipient of any CONFIDENTIAL Discovery Material that is provided under this Protective Order (including any copies or excerpts made thereof) shall maintain such information in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

(a)    If the recipient of CONFIDENTIAL Discovery Material is shipping data in electronic format, the recipient shall password-protect the data prior to shipping and provide the password in separate correspondence.

22

If hard copy documents are shipped, the recipient of CONFIDENTIAL Discovery Material will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the recipient learns at any time that the CONFIDENTIAL Discovery Material has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials.

(b)     If the recipient of CONFIDENTIAL Discovery Material discovers a breach of security relating to the CONFIDENTIAL Discovery Material of a Producing Party, the recipient shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the recipient's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the recipient that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The recipient of CONFIDENTIAL Discovery Material agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

36.     Plaintiffs will only disclose one Defendant Group's CONFIDENTIAL Discovery Material to another Defendant Group if Plaintiff receives written consent

from the producing Defendant Group and Plaintiffs' disclosure is marked "CONTAINS DEFENDANTS' CONFIDENTIAL INFORMATION." The other Defendant Group receiving such information shall treat the information on an outside counsel eyes only basis, absent written consent from the producing Defendant Group or a Court order requiring disclosure to the receiving Defendant Group's Designated Inside Personnel. Defendants' CONFIDENTIAL Discovery Material may be used by Plaintiffs in any pleading, brief, declaration, affidavit, expert report, or other filing or submission in accordance with Paragraph 23, or at any deposition, Court hearing, trial, or any appeal thereof, even if outside counsel of the other Defendant Group may view such pleading, brief, declaration, affidavit, expert report, or other filing or are present at such deposition, Court hearing, trial, or any appeal thereof. Defendants' CONFIDENTIAL Discovery Material need not be redacted from service copies of any filing or submission, provided that service is made only on outside counsel for any non-producing Defendant Group. Nothing in this Protective Order shall be deemed an admission that one Defendant Group's CONFIDENTIAL Discovery Material can be used against the other, and each Defendant Group retains all rights to object to any such use should Plaintiffs attempt to so use the information.

## EXEMPTED MATERIALS AND OBJECTIONS TO DESIGNATIONS

37.     Any Receiving Party may object to the designation by the Producing Party of any Discovery Material as CONFIDENTIAL.  The process for making an objection to the designation of Discovery Material as CONFIDENTIAL and for resolving the dispute shall be as follows:

(a)     Outside counsel or Designated Inside Personnel for the Receiving Party shall notify outside counsel for the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated CONFIDENTIAL Discovery Material as well as the reasons for the objection with sufficient particularity to facilitate discussion of the objection by the Parties.

(b)     Outside counsel or Designated Inside Personnel for the Receiving Party shall confer within five (5) days either in person or by telephone with outside counsel for the Producing Party claiming protection (as well as any other interested Third Party) in a good-faith effort to resolve the dispute.

(c)     Failing agreement, the Receiving Party may apply to the Court no later than ten (10) calendar days after the Parties confer pursuant to this Paragraph for a ruling that the Discovery Material sought to be protected is not entitled to such designation.  The Receiving Party bears the burden to

establish that the Discovery Material is not CONFIDENTIAL as defined in Paragraph 3 and not entitled to such protection under this Protective Order.

## NO WAIVER OF PRIVILEGE

38.    Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5), the production of documents or information subject to the attorney-client privilege or the work-product immunity, or any other privilege or immunity or other legal protection, will not waive the attorney-client privilege, work-product immunity, or other privilege or immunity in this Litigation or in any other federal or state proceeding.  This Paragraph is, and shall be construed as, an Order under Federal Rule of Evidence 502(d).  Accordingly, as explicitly set forth in Rule 502(d), a Party's production of Protected Information, whether inadvertent or otherwise, is not a waiver of any privilege or protection "in any other federal or state proceeding." For example, the mere production of privileged or work-product-protected information in this Litigation as part of a production is not itself a waiver in this Litigation or in any other federal or state proceeding.  Further, the fact that information was produced shall not be used in any manner as evidence in support of any such alleged waiver.  If a Party has produced information subject to a claim of privilege or immunity, upon request identifying such information ("Recalled Information"), the information and all copies thereof shall be returned promptly, or a signed verification by outside counsel for the Receiving Party certifying that all

such information and copies have been destroyed shall be provided to outside counsel for the Producing Party no later than seven (7) calendar days, after a request is made by the Producing Party, as required by Rule 26(b)(5)(B). Moreover, any notes or summaries, other than those previously permitted under this section, referring to or relating to any Recalled Information subject to a claim of privilege or immunity shall be destroyed. The Party that received the Recalled Information shall confirm the destruction to the Party that produced the same no later than seven (7) calendar days, after a request is made by the Producing Party, as required by Rule 26(b)(5)(B). In the event that only portions of the produced documents contain privileged subject matter, the Producing Party shall substitute redacted versions of the documents within ten (10) calendar days of the confirmation of destruction of the produced documents. Nothing herein shall prevent the Receiving Party from preparing and keeping a record containing the date, author, address(es), and such other information as is reasonably necessary to identify the Recalled Information in order to file a motion to compel production of the information. Such a record may not be used for any purpose other than the preparation and filing of a motion to compel in this Litigation. After the return or destruction of Recalled Information, the Receiving Party may challenge the Producing Party's claim(s) of privilege or immunity by making an application to the Court.

39.     Pursuant to Federal Rule of Evidence 502(d) and (e), the production of any Discovery Material by any Party shall be without prejudice to any subsequent claim by the Producing Party that such Discovery Material is privileged or attorney work product, and shall not be deemed a waiver of any such privilege or protection in either the litigation pending before the Court, or any other federal or state proceeding.

## FAILURE TO DESIGNATE

40.     The failure by a Producing Party to designate Discovery Material as CONFIDENTIAL shall not be a waiver of such designation and shall not alter or waive the protected and confidential nature of such Discovery Material, provided that the Producing Party that fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL promptly but not more than fifteen (15) calendar days after the failure to designate first became known to the Producing Party.  The failure by a Producing Party to designate Discovery Material as CONFIDENTIAL shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The Receiving Party in receipt of Discovery Material that the Producing Party failed to designate as CONFIDENTIAL will not be deemed to have violated this Protective Order for any use made of such Discovery Material before the Receiving Party is informed of the failure to designate.  Once the Receiving Party has been informed of the failure to

designate pursuant to this Paragraph, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such incorrectly designated Discovery Materials are returned promptly to the Producing Party or that all copies of any such incorrectly designated Discovery Materials are destroyed; the Producing Party shall, where appropriate, arrange for the substitution of properly designated copies of such Discovery Materials.  Upon the Producing Party's identification of such incorrectly designated material to the Receiving Party, pending the provision of such replacement copies, the Receiving Party shall treat the incorrectly designated material as if it were correctly designated in accordance with the request of the Producing Party, provided that the Producing Party provides such replacement copies within fifteen (15) calendar days of the identification of the incorrectly designated material.  If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such incorrectly designated material.

41.    In the event of disclosure of CONFIDENTIAL Discovery Material to any person not authorized to such access under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately inform outside counsel for the Party whose CONFIDENTIAL Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure, including the

identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed CONFIDENTIAL Discovery Material and ensure against further dissemination or use thereof. The Party responsible for improperly disclosing such CONFIDENTIAL Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed CONFIDENTIAL Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Disclosure of CONFIDENTIAL Discovery Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate. Any material violation of this Order by any Party or person to whom CONFIDENTIAL Discovery Material is disclosed pursuant to the terms of the Protective Order shall constitute a violation of a court order and be punishable as such.

## <u>RETURN/DESTRUCTION OF MATERIALS</u>

42.    Not later than one hundred and eighty (180) calendar days after the Final Conclusion of this Litigation, all CONFIDENTIAL Discovery Material, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that each Party may retain one (1) archival copy of all papers filed with the Court, expert reports, discovery responses, transcripts of testimony and exhibits, correspondence, mediation briefs,

and their own work product containing such Discovery Material, provided that such Party, and their respective outside counsel, Designated Inside Personnel, and their respective employees shall not disclose any Party's CONFIDENTIAL Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Protective Order and shall maintain the safeguards set forth in Paragraph 35.  Upon request by the Producing Party, the Party receiving any CONFIDENTIAL Discovery Material shall certify in writing to the Producing Party that all such material has been returned or destroyed.  The Receiving Party shall make a reasonable effort to retrieve any CONFIDENTIAL Discovery Material from any Third Party to whom such information has been given or confirm the destruction of such materials, and shall notify the Designating Party in writing of any failure to retrieve or destroy any such documents.  This notice shall (1) specifically identify the CONFIDENTIAL Discovery Material not returned, (2) identify the person from whom the CONFIDENTIAL Discovery Material could not be retrieved or confirmed as destroyed, and (3) state the efforts made to retrieve such CONFIDENTIAL Discovery Material and the reasons these efforts were unsuccessful.

## **PRIVILEGE LOG**

43.     The Parties shall meet and confer to determine whether exchange of privilege logs is necessary in this Litigation and, if so, the form and timing of such exchange.

## **MISCELLANEOUS PROVISIONS**

44.     This Order authorizes the disclosure of information protected by HIPAA, as amended by the HITECH Act, including all applicable Privacy and Security Rules.  This Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

45.     This Protective Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Protective Order is not believed by any Party to be adequate.   Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

46.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery, and except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery.

47.    If at any time CONFIDENTIAL Discovery Material of a Producing Party is subpoenaed from a Receiving Party or is the subject of a discovery request directed to a Receiving Party in any proceeding before any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written or email notice to the Designating Party pursuant to the provisions of Paragraph 50 and shall provide the Designating Party with an opportunity to object to the production of such materials.  Such notice shall identify the documents sought and the return date of the subpoena or other process and shall also include a copy of the subpoena or other process the Receiving Party receiving the subpoena shall also inform the person or entity who served the subpoena that the information sought is subject to this Protective Order.  If the Designating Party does not move for a protective order within thirty (30) calendar days from the date notice is given, the Receiving Party to whom the subpoena or other request is directed may produce, on or after the date set for production in the subpoena or other request, but not prior to the end of the thirty (30) calendar day notice period, such material in response thereto, under a protective order with confidentiality provisions equal to or more restrictive than those of this Protective Order.

48.    Other Proceedings.  By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another

court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Protective Order who becomes subject to a motion to disclose another Party's or a Third Party's information designated "CONFIDENTIAL" pursuant to this Protective Order shall promptly notify that Party or Third Party of the motion so that the Party or Third Party may have an opportunity to appear and be heard on whether that information should be disclosed.

49. Outside counsel shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive CONFIDENTIAL Discovery Material, if applicable. Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL Discovery Material. The failure of individuals other than the deponent and the reporter to leave the deposition room during any portion of the deposition that inquiries into matters designated CONFIDENTIAL shall constitute justification for outside counsel to instruct the witness that he or she should not answer the question and/or to end the deposition.

50. All notices during this Litigation required by this Protective Order are to be made by email to a Party's outside counsel (including, if available, to outside counsel's service distribution email address designated for this Litigation) and all notices subsequent to the conclusion of Litigation are to be made by email and/or

34

U.S. mail to a Party's outside counsel and the office of the Party's general counsel. The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date the Party's outside counsel or the office of the Party's general counsel first receives the notice via either email or U.S. mail sent and addressed as required under this Paragraph.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by outside counsel or Designated Inside Personnel for the Producing Party.

51.    Nothing in this Protective Order shall bar or otherwise restrict any outside counsel or Designated Inside Personnel from rendering advice to his or her client with respect to this Litigation and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL Discovery Material produced or exchanged in this Litigation, provided, however, that in rendering such advice and in otherwise communicating with a person not permitted access to CONFIDENTIAL Discovery Material under this Protective Order, the outside counsel or Designated Inside Personnel shall not disclose the contents of CONFIDENTIAL Discovery Material produced by any other Party or Third Party.  This provision does not permit the recipient of CONFIDENTIAL Discovery Material produced or exchanged in this Litigation to perform any activities prohibited by this Protective Order.

52.    Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this Litigation or otherwise that any document,

communication, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Litigation or any other proceeding.

53.    Each person who receives CONFIDENTIAL Discovery Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

54.    Nothing in this Protective Order shall prevent any Party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.  This Order may be amended by the agreement of outside counsel for the Parties in the form of a written Stipulated Amended Protective Order signed by each Party's outside counsel and filed with the Court for approval.  The Parties shall be given notice and an opportunity to be heard before the Court on any matter that in any way modifies this Protective Order or may result in a decision affecting the substance or effect of this Order.  The Court retains the right to allow disclosure of any subject or CONFIDENTIAL Discovery Material covered by this Protective Order or to modify or vacate this Protective Order at any time in the interest of justice.

55.    Any Party may expressly waive in writing the applicability of any provision of this Order to any document or portion thereof that the Party produces.

Such waiver shall apply only to the document or portion thereof to which the applicability of the specified provision of this Order is expressly waived.

56.    Neither the conclusion of this Litigation nor the termination of employment of any person with access to any CONFIDENTIAL Discovery Material shall relieve a Party from the obligation of maintaining the confidentiality of such information in accordance with this Protective Order.  This Protective Order shall remain in full force and effect in perpetuity unless modified, superseded, or terminated by written consent of the Parties or by order of the Court.  The Court shall retain jurisdiction to enforce the terms of the Protective Order after Final Conclusion of this Litigation; the Court shall not be divested of the power to enforce the terms of this Protective Order as to any person subject to the Protective Order by the Final Conclusion of this Litigation or by the filing of a notice of appeal or other pleading that arguably has the effect of divesting this Court of jurisdiction of this matter generally.

57.    In the event a new party is added, substituted, or brought into the Litigation, this Order shall be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of the Protective Order.

58.     To the extent any provision of this Protective Order is determined to be illegal or otherwise unenforceable, such determination shall not affect the enforceability of the remaining terms of this Order.

**APPROVED AS TO FORM:**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs Eli Lilly & Co.,*
*Incyte Corp., and Incyte Holdings Corp.*

KRATZ & BARRY LLP

*/s/ R Touhey Myer*

_____
R Touhey Myer (#5939)
800 North West Street
Wilmington, DE  19801
(302) 527-9378
tmyer@kratzandbarry.com

*Attorneys for Defendants*
*Aurobindo Pharma Limited and*
*Aurobindo Pharma U.S.A., Inc.*

COZEN O'CONNOR

*/s/ Kaan Ekiner*

_____
Kaan Ekiner (#5607)
1201 North Market Street, Suite 1001
Wilmington, DE  19801
(302) 295-2046
kekiner@cozen.com

*Attorneys for Defendants*
*MSN Laboratories Private Limited*
*and MSN Pharmaceuticals Inc.*

February 23, 2023

SO ORDERED this _23rd_ day of _February_____, 2023.

_____

The Honorable Colm F. Connolly
Chief United States District Court Judge

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELI LILLY & CO.,<br>INCYTE CORPORATION and<br>INCYTE HOLDINGS CORPORATION, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 22-1114 (CFC)<br>ANDA CASE |
| AUROBINDO PHARMA LIMITED and<br>AUROBINDO PHARMA U.S.A., INC., | )<br>)<br>) | (Consolidated; Lead Case) |
| Defendants. | ) | |
| ELI LILLY & CO.,<br>INCYTE CORPORATION and<br>INCYTE HOLDINGS CORPORATION, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 22-1115 (CFC) |
| MSN LABORATORIES PRIVATE<br>LIMITED and MSN<br>PHARMACEUTICALS INC., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## DECLARATION TO BE BOUND BY PROTECTIVE ORDER

I,_____, declare under penalty of perjury that:

(a)    My present address is_____

_____.

A-1

(b)     My present employer is_____

and the address of my present employer is_____

_____.

(c)     My present occupation or job description is_____

_____.

(d)     I have received and carefully read the Protective Order in this Litigation

dated _____ and understand its provisions.  Specifically, I

understand that I am obligated, under order of the Court, to hold in confidence and

not to disclose the contents of anything marked "CONFIDENTIAL" except as

permitted by the Protective Order.  I further understand that I am not to disclose to

anyone other than those persons permitted access under the Protective Order any

words, substances, summaries, abstracts, or indices of any CONFIDENTIAL

Discovery Material disclosed to me.  According to the restrictions of the Protective

Order, I will use Discovery Material, including CONFIDENTIAL Discovery

Material, or information derived therefrom, solely for purposes relating to the above-

captioned Litigation.   I will never use CONFIDENTIAL Discovery Material or

information derived therefrom, directly or indirectly, in competition with the

Producing Party nor will I permit others under my control to do so.  In addition to

the foregoing, I understand that I must abide by all of the provisions of the Protective

Order.

(e)     At the conclusion of this Litigation or any time requested by outside counsel for the Party by whom I am engaged, I will, in accordance with Paragraph 42, return or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting CONFIDENTIAL Discovery Material that have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information.

(f)     I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Producing Party.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Litigation.  I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

Date:_____

_____
Signature

A-3

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELI LILLY & CO.,<br>INCYTE CORPORATION and<br>INCYTE HOLDINGS CORPORATION, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 22-1114 (CFC)<br>ANDA CASE |
| AUROBINDO PHARMA LIMITED and<br>AUROBINDO PHARMA U.S.A., INC., | )<br>)<br>) | (Consolidated; Lead Case) |
| Defendants. | ) | |
| ELI LILLY & CO.,<br>INCYTE CORPORATION and<br>INCYTE HOLDINGS CORPORATION, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 22-1115 (CFC) |
| MSN LABORATORIES PRIVATE<br>LIMITED and MSN<br>PHARMACEUTICALS INC., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## <u>DECLARATION TO BE BOUND BY PROTECTIVE ORDER</u>

I, _____, declare under penalty of perjury that:

(a)   My present address is_____

_____.

B-1

(b)     My present employer is_____

and the address of my present employer is_____

_____.

(c)     My present occupation or job description is_____

in_____department/division of my present

employer.  One of my responsibilities is to oversee or support this Litigation.

(d)     I have received and carefully read the Protective Order in this Litigation

dated _____ and understand its provisions.  I agree:

    (i)     to be bound by the terms of the Protective Order;

    (ii)    to use CONFIDENTIAL Discovery Material solely for the
            purposes delineated within the Protective Order;

    (iii)   to not disclose any CONFIDENTIAL Discovery Material to any
            person, firm, corporation, or other entity not qualified to have
            access to such information pursuant to the terms of the Protective
            Order; and that

    (iv)    I meet the requirements for Designated Inside Personnel as set
            forth in Paragraph 32(c) of the Protective Order.

(e)     I will return or destroy all CONFIDENTIAL Discovery Material at the

relevant time in accordance with Paragraph 42 of the Protective Order.

(f)     I hereby submit to the jurisdiction of the United States District Court

for the District of Delaware for the purpose of enforcement of the Protective Order.

I understand that if I violate the provisions of the Protective Order, I will be in

violation of a Court Order and subject to sanctions or other remedies that may be

B-2

imposed by the Court and may be liable in a civil action by one or more of the parties in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

Date:_____                    _____
                                          Signature

B-3